UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFERSON L. MILLER and CYNTHIA L. BRAUGHTON, <br><br> Plaintiffs, <br><br> v. <br><br> AUTO CREDIT SALES and PHOENIX FINANCIAL, LLC., <br><br> Defendants. | NO. 2:22-CV-0041-TOR <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 11). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 11) is granted.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

# BACKGROUND

This case concerns a contract dispute over the purchase of a used vehicle in Spokane, Washington. ECF No. 1. Plaintiffs, proceeding *pro se* and *in forma pauperis*, allege various causes of action as described below. The following facts, drawn from the complaint, are accepted as true and construed in light most favorable to Plaintiffs. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

Plaintiffs are residents of Washington. ECF No. 1 at 2. Defendants maintain their place of business in Washington.[1] *Id.* On July 6, 2021, Plaintiffs visited Auto Credit Sales with a "Seven (7) dollars down coupon" to purchase a vehicle. *See* ECF No. 1 at 2-3, ¶ 2. An Auto Credit Sales employee asked Plaintiffs if they could pay $480.00 as a down payment, which included an additional $30.00 for a 2008 Nissan Sentra. *Id.* Plaintiffs told the employee that they could not pay the extra $30.00. *Id.* at 3, ¶ 2. Plaintiffs entered a contract for the vehicle that day. ECF No. 1 at 2-3, ¶¶ 1-2.

On August 2, 2021, Plaintiffs received a "15 Day Past Due Notice" for the $30.00 payment. ECF No. 1 at 3, ¶ 2. Plaintiffs did not make the payment, and Auto Credits Sales either paid the debt or arranged to quash the debt. *Id.*

---

[1] Plaintiffs appear to only assert a federal question, rather than diversity of citizenship, to establish subject matter jurisdiction.

On August 20, 2021, Plaintiffs received another "15 Day Past Due Notice" for the amount of $228.44, the remaining balance owed for the down payment. ECF No. 1 at 3-4, ¶ 5. Plaintiffs "are fully aware that they owe" this amount. *Id.*

## DISCUSSION

### I.     Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**II.     Construed Claims**

Generally, Plaintiffs contend they have federal rights that exempt them from paying Defendants' fees under the contract because they "collect [Social Security Income] and/or Food Stamps" and are "equal member[s] of the human family." *See* ECF No. 1 at 17-18.

*A.  Constitutional Claims*

The Court construes Plaintiffs' substantive and procedural due process and equal protection claims arising under the First, Fifth, and Fourteenth Amendments as § 1983 claims.  ECF No. 1 at 12-14, 28.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or law of the United States that (2) was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Private parties are not presumed to be state actors, i.e. persons acting under the color of state law.  *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).  There needs to be "something more" for private parties to become state actors, such as: (1) serving a public function, (2) engaging in a joint action, (3) acting under governmental compulsion or coercion, or (4) taking a governmental action.  *Id.*

Defendants are private parties.  Construing the complaint liberally, Plaintiffs do not allege Defendants are state actors under any of the relevant factors for

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

private parties.  Plaintiffs' claims that they were discriminated against, denied equal protection, and were entitled to a pre-termination evidentiary hearing under the Constitution fail on this threshold issue.  *Roberts v. AT&T Mobility, LLC*, 877 F.3d 833, 837-38 (9th Cir. 2017).

Additionally, Plaintiffs mention various constitutional doctrines, such as the Supremacy Clause, the Independent and Adequate Doctrine, and the Overbreadth and Vagueness Doctrines.  *See* ECF No. 1 at 5-11.  With no state action and no state or federal law at issue, the Court finds no basis in which these doctrines are applicable.  Plaintiffs' constitutional claims must be dismissed for failure to state a claim under which relief can be granted

*B.  International Treaty Claims*

Plaintiffs raise claims by citing to the International Convention of the Elimination of All Forms of Racial Discrimination ("ICERD") and the International Covenant on Civil and Political Rights ("ICCPR").  *See* ECF No. 1 at 17, 20.  The ICERD and ICCPR do not create private causes of action because they are not self-executing treaties.  *Cornejo v. Cty. of San Diego*, 504 F.3d 853, 856 (9th Cir. 2007); *see also United States v. Duarte-Acero*, 296 F.3d 1277, 1283 (11 Cir. 2002) (ICCPR); *Johnson v. Quander*, 370 F. Supp. 2d 79, 101 (D.D.C. 2005) (ICERD).  Therefore, Plaintiffs' claims under these treaties must be dismissed for failure to state a claim under which relief can be granted.

### C. Federal Statute Claims

First, Plaintiffs allege violations under Section 5(a)(1) of the Federal Trade Commission Act.  *See* ECF No. 15.  There is no private cause of action under this section.  *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 281 (9th Cir. 1973).  Second, Plaintiffs allege violations under the "Reduction of Tax Refund by Amount of Debt Act."  ECF No. 1 at 14, 16.  This section is not relevant because Plaintiffs do not allege a federal agency is owed any debt.  31 U.S.C. § 3720A.  Third, Plaintiffs cite a laundry list of other federal statutes but do not allege facts that provide a basis for any conceivable violation.  *See* ECF No. 1 at 18.  As a result, Plaintiffs' claims under the federal statutes must be dismissed for failure to state a claim under which relief can be granted.

### C. Criminal Charges

Plaintiffs appear to lay criminal charges against Defendants.  *See* ECF No. 1 at 33.  In response to the motion, Plaintiffs concede they cannot prosecute criminal charges as private parties.  ECF No. 13 at 14.  These claims must be dismissed for failure to state a claim under which relief can be granted

### III.   Futility of Amendment

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend the complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on*

*other grounds*, 28 U.S.C. § 1915(e)(2), *as stated in Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court is unable to ascertain any allegations that would cure the above deficiencies if amendment were allowed. Therefore, the Court finds amendment is futile and Plaintiffs need not be given an opportunity to amend.

### IV. Revocation of In Forma Pauperis Status

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiffs' *in forma pauperis* status. If Plaintiffs seeks to pursue an appeal, they must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED.** All claims against Defendants are **DISMISSED with prejudice**.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiffs' *in forma pauperis* status is hereby **REVOKED**.

The District Court Executive is directed to enter this Order and judgment, forward copies to Plaintiffs and counsel for the Defendants, and **CLOSE** the file.

DATED May 9, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8